FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2020 DEC -2  PM 4: 36

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

SEBASTIEN VACHON-DESJARDINS

CASE NO. 8:20-cr-366 T02SPF

18 U.S.C. § 371
18 U.S.C. § 1030
18 U.S.C. § 1343
18 U.S.C. § 1349

SEALED

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Conspiracy to Commit Computer Fraud)**

Beginning on an unknown date, but at least as early as in or about April 2020, and continuing through the date of this Indictment, in the Middle District of Florida and elsewhere, the defendant,

SEBASTIEN VACHON-DESJARDINS,

did knowingly and intentionally conspire and agree with others known and unknown to the Grand Jury to commit offenses against the United States related to NetWalker Ransomware attacks, that is:

    a.    to knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally cause damage without authorization to a protected computer,

and the offense caused and would, if completed, have caused: (i) loss to one or more persons during a one-year-period and loss from a related course of conduct affecting one or more protected computers, aggregating at least $5,000 in value; and (ii) damage affecting 10 or more protected computers during a one-year period, in violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i); and

      b.    to knowingly and with intent to extort from any person any money or thing of value, transmit in interstate and foreign commerce any communication containing a threat to cause damage to a protected computer and a demand and request for money and other thing of value in relation to damage to a protected computer, where such damage was caused to facilitate the extortion, in violation of 18 U.S.C. § 1030(a)(7)(B), (a)(7)(C), and (c)(3)(A).

The facts of the separate offenses charged in Counts Three and Four are alleged to be separate overt acts undertaken in furtherance of the conspiracy and to accomplish the object of the conspiracy and incorporated by reference as if fully set forth herein as separate overt acts.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

Beginning on an unknown date, but at least from as early as in or about April 2020, and continuing through the date of this Indictment, in the Middle District of Florida and elsewhere, the defendant,

SEBASTIEN VACHON-DESJARDINS,

did knowingly and voluntarily combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit wire fraud, by knowingly and with intent to defraud devising and intending to devise a scheme and artifice to defraud, and for obtaining money and property, by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing the scheme and artifice to defraud, knowingly transmitting and causing to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

All in violation of 18 U.S.C. § 1349.

## COUNT THREE
### (Intentional Damage to a Protected Computer)

On or about May 1, 2020, in the Middle District of Florida and elsewhere, the defendant,

SEBASTIEN VACHON-DESJARDINS,

did knowingly cause the transmission of a program, information, code, and command—that is, a program, information, code, and command related to a NetWalker Ransomware attack on a victim company located in Tampa, Florida—and knowingly aided and abetted others in doing the same and in attempting to do the same, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, and caused loss to persons during a one-year period from the defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, and caused damage affecting 10 or more protected computers during a one-year period.

In violation of 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(A)(i)(VI), and (c)(4)(B)(i), and 2.

## COUNT FOUR
### (Transmitting a Demand in Relation to Damaging a Protected Computer)

On or about May 1, 2020, in the Middle District of Florida and elsewhere, the defendant,

SEBASTIEN VACHON-DESJARDINS,

did knowingly and with intent to extort from any person any money or other thing of value, transmit in interstate and foreign commerce any communication containing a threat to obtain information from a protected computer without authorization and in excess of authorization and to impair

4

the confidentiality of information obtained from a protected computer without authorization and by exceeding authorized access, and a demand and request for money and other thing of value in relation to damage to a protected computer, where such damage was caused to facilitate the extortion—that is, a NetWalker Ransomware attack on a victim company located in Tampa, Florida—and knowingly aided and abetted others in doing the same and in attempting to do the same.

In violation of 18 U.S.C. §§ 1030(a)(7)(B), (a)(7)(C), (c)(3)(A), and 2.

## FORFEITURE

1. The allegations contained in Counts One through Four of this Indictment are realleged and incorporated as if set forth fully here for the purpose of alleging forfeiture.

2. Upon conviction of a violation of 18 U.S.C. § 1030, or a conspiracy to violate 18 U.S.C. § 1030 (18 U.S.C. § 371), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit the offense.

3. Upon conviction of a violation of 18 U.S.C. § 1343, or a conspiracy to violate 18 U.S.C. § 1343 (18 U.S.C. § 1349), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

4. The property to be forfeited includes, but is not limited to, a money judgment in the amount of at least $27,685,907.78, representing the amount of proceeds obtained by the defendant from the offenses.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Carlton C. Gammons
Assistant United States Attorney

By: _____
S. Riané Harper
Trial Attorney

By: _____
Brian Mund
Trial Attorney

By: _____
Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security and Cybercrime Section

7

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

SEBASTIEN VACHON-DESJARDINS

## INDICTMENT

Violations:   18 U.S.C. §§ 371, 1349, 1343, 1030

A true bill,

_____
Foreperson

Filed in open court this 2nd day

of December, 2020.

_____
Clerk

Bail $_____