UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                     Case No. 8:20-cr-366-WFJ-SPF

SEBASTIEN VACHON-DESJARDINS

## UNITED STATES' EMERGENCY CONSENT
## MOTION FOR ENTRY OF A RESTRAINING ORDER

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves, with the consent of the defendant, for the entry of a restraining order pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated under the provisions of 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1), to preserve the availability of certain property that is subject to forfeiture in the above-styled criminal action.  Specifically, the United States seeks a restraining order for the following assets:

1.  Approximately 719.99591411 BTC seized from the defendant's BTC Wallet 3Pxki6pFFKC12YSn8JtDs3ZrEg3pFTHnHd on or about January 27, 2021;

2.  Approximately 15.725489349111 XMR seized from the defendant's MONERO Wallet 46rzcLXcqE2hL9KYmJ5vuQVXHhhR7jDXxj4nKzwjDMeFf7KhtTbmK6oHTbQ53jzuZfMrMwvbK8ztidbq wTuxNTVaAQYKBfY on or about January 27, 2021;

3.  Approximately $299,150 CAD seized from Sebastien Vachon-Desjardins' residence on or about January 27, 2021;

4.  Approximately $238,620 CAD seized on or about January 28, 2021, from Safety Deposit Box #118 at National Bank, Gatineau, QC, held in the name of Sebastien Vachon-Desjardins; and

5.  Approximately $98,070 CAD seized on or about January 28, 2021, from Safety Deposit Box #123 at National Bank of Canada, Gatineau, QC, held in the name of Sebastien Vachon-Desjardins,

(the Subject Assets).

The Subject Assets have been in the custody of Canadian authorities since January 2021; however, Canadian authorities recently advised that they may release the assets as soon as January 18, 2022.  The Subject Assets are subject to seizure and forfeiture in in this case pursuant to 18 U.S.C. § 982(a)(2)(B), as property traceable to proceeds of the defendant's computer fraud offenses and a computer fraud conspiracy, in violation of 18 U.S.C. §§ 371, 1030(a)(5)(A), (a)(7)(B), and (a)(7)(C); and, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property traceable to proceeds of a wire fraud conspiracy, in violation of 18 U.S.C. §§ 1343 and 1349.  Therefore, with the defendant's consent, the United States seeks to restrain the Subject Assets to preserve their availability for forfeiture in this case.

In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I.   Procedural History

1.      On December 2, 2020, a federal grand jury returned a four-count indictment, charging the defendant, in pertinent part, with the following offenses: Count One, conspiracy to commit computer fraud, in violation of 18 U.S.C. §§ 371, 1030(a)(5)(A), (a)(7)(B), and (a)(7)(C); Count Two, conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; Count Three, intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 2; and Count Four, transmitting a demand in relation to damaging a protected computer, in violation of 18 U.S.C. §§ 1030(a)(7)(B), (a)(7)(C), (c)(3)(A), and 2.  Doc. 1.

2.      The forfeiture allegations gave notice to the defendant that the United States intends to seek the forfeiture of certain assets pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c), including, among other things, an order of forfeiture in the amount of at least $27,685,907.78, as well as any proceeds the defendant obtained from the offenses. Doc. 1.  As reflected in the Indictment, the grand jury found probable cause to believe that the defendant committed the charged criminal offenses.  The grand jury was not asked to consider the forfeitability of the Subject Assets because the United States had yet to discover the assets.

3.      The defendant was arrested in Canada on or about January 27, 2021. At the time of his arrest, the Subject Assets were seized by the Royal Canadian

Mounted Police ("RCMP") pursuant to a search warrant issued by the Ontario Court of Justice which found reason to authorize the RCMP to seize and detain any cryptocurrency located on the defendant's devices found during the search of his residence.

4.      October 4, 2021, the United States filed a bill of particulars to notify the defendant that the United States intended to seek the forfeiture of the Subject Assets as proceeds of the charged offenses.  Doc. 9.

5.      Since his arrest, Canadian authorities have been pursuing a parallel investigation and prosecution of the defendant and, as part of that investigation, have maintained custody of the Subject Assets.  Canadian authorities have recently advised, however, that they may be returning the Subject Assets to the defendant following a January 18, 2022 hearing on the charges pending in their court.

6.      If this Court court enters the requested restraining order for the Subject Assets, the United States can request that the Central Authority for Canada obtain orders enforcing the Court's restraining order to assure the availability of the Subject Assets for forfeiture in the event of the defendant's conviction in this case.  Absent a restraining order issued by this Court, however, Department of Justice policy prohibits the government from requesting mutual legal assistance from the Central Authority of Canada, namely requesting assistance in restraining the Subject Assets pending a determination of the forfeiture issues in this case.

7.     The grand jury's indictment of the defendant, which provides notice of the government's intent to seek forfeiture, combined with the affidavit of Special Agent Daniel Sirmons, Federal Bureau of Investigation, attached hereto as Exhibit A, and the defendant's consent, establishes sufficient probable cause for the issuance of the requested order for the defendant's interest in the Subject Assets.

8.     Any third-party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture and service of notice to all interested parties in accordance with the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1).

9.     The United States has conferred with Mark O'Brien, counsel for the defendant, who advised that he has no objection to the requested restraint.

## II.   Applicable Law

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c),[1] upon conviction of wire fraud or a conspiracy to commit wire fraud, in violation of 18

---

[1] Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses.  18 U.S.C. § 981(a)(1)(C).  A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1).  Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 1343.  The Court's authority to order criminal forfeiture of assets purchased or funded with proceeds of a specified unlawful activity is authorized by 28 U.S.C. § 2461(c), which authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853.

U.S.C. §§ 1343 and/or 1349, a defendant shall be ordered to forfeit any property, real or personal, constituting or derived from proceeds the person obtained, directly or indirectly, as a result of such violation. In addition, pursuant to 18 U.S.C. § 982(a)(2)(B), a defendant shall be ordered to forfeit any property traceable to proceeds of computer fraud offenses and a computer fraud conspiracy, in violation of 18 U.S.C. §§ 371, 1030(a)(5)(A), (a)(7)(B), and (a)(7)(C). This Court has jurisdiction to enter the requested restraining order without regard to the location of any property which may be subject to forfeiture, pursuant to 21 U.S.C. § 853(l), which is incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1).

In order to ensure the availability of property for forfeiture upon conviction, 21 U.S.C. § 853(e)(1) provides that the court may enter a restraining order upon the filing of an indictment.  Section 853(e), in pertinent part, provides:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property . . . for forfeiture under this section—

> (A) upon the filing of an indictment or information charging a violation . . . for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section . . . .

21 U.S.C. § 853(e)(1)(A).

Pre-trial restraint of assets under section 853(e) has been approved by the United States Supreme Court.  In *United States v. Monsanto*, 491 U.S. 600 (1989), the district court restrained, under 21 U.S.C. § 853, a defendant from disposing of his

6

house, his apartment and $35,000 in cash prior to trial.  The Supreme Court upheld

the pre-trial restraint, noting:

> [I]t would be odd to conclude that the Government may not restrain
> property, such as the home and apartment in respondent's possession, based
> on a finding of probable cause, when we have held that . . . , the Government
> may restrain persons where there is a finding of probable cause to believe that
> the accused has committed a serious offense.

*Id*. at 615-16.  Other courts, including the Eleventh Circuit, have recognized the right

of the United States to seek pre-trial restraint extends to forfeitable assets held by

third parties.  *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989); *United

States v. Jenkins*, 974 F.2d 32, 36 (5th Cir. 1992); *In Re Billman*, 915 F.2d 916, 921 (4th

Cir. 1990); *United States v. Regan*, 858 F.2d 115, 120-21 (2d Cir. 1988).  Those courts

have also made clear that notice and a hearing need not occur before an ex parte

restraining order is entered pursuant to section 853(e)(1)(A).  *Bissell*, 866 F.2d at 1352

(11th Cir. 1989); *see also United States v. Holy Land Foundation for Relief and

Development*, 493 F.3d 469, 475 (5th Cir. 2007) (*en banc*) ("a court may issue a

restraining order without prior notice or a hearing") *United States v. Monsanto*, 924

F.2d 1186, 1193 (2d Cir. 1991) (same).

In determining whether to issue a restraining order, the grand jury's return of

the Indictment against the defendant establishes probable cause that the charged

offenses were committed.  *See Kaley v. United States,* 571 U.S. 320, 328 (2014) (an

indictment fair upon its face, and returned by a properly constituted grand jury,

conclusively determines the existence of probable cause to believe the defendant

perpetrated the offense alleged); *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (initial issuance of restraining order may be based on grand jury's finding of probable cause); *United States v. Bollin*, 264 F.3d 391, 421 (4th Cir. 2001) (the grand jury's finding of probable cause is sufficient to satisfy the Government's burden); *United States v. Jones*, 160 F.3d 641, 648 (10th Cir. 1998); *United States v. Moya Gomez*, 860 F.2d 706, 729 (7th Cir. 1988) (court limits inquiry to forfeiture issues; court does not look behind grand jury's finding with respect to the underlying crime); *United States v. St. Pierre*, 950 F. Supp. 334, 338 (M.D. Fla. 1996) (defendant is not permitted to challenge grand jury's finding of probable cause as to the underlying crime).  As noted in the legislative history of the Comprehensive Crime Control Act of 1984:

> For the purposes of issuing a restraining order, the probable cause  established in the indictment or information is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based.

S. Rep. No. 225, 98th Cong., 2d Sess. 203 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3386.

If any third parties have claims on the funds subject to the requested restraint, section 853(n) sets out a specific procedure for the adjudication of such claims.  This process begins, however, "[f]ollowing the entry of an order of forfeiture under this section . . . ."  21 U.S.C. § 853(n)(1); see also *Libretti v. United States*, 516 U.S. 29, 44 (1995); *United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001) (ancillary proceeding is the exclusive means for third parties to assert claims to forfeited property; citing legislative history); *United States v. Messino*, 122 F.3d 427, 428 (7th

8

Cir. 1997) (under Sections 853(k) and (n), third parties must wait until the court has entered a preliminary order of forfeiture to challenge the forfeiture action).

In the present case, the federal grand jury's indictment of the defendant and the affidavit of Special Agent Daniel Sirmons, attached as Exhibit A, establish sufficient probable cause for the issuance of a restraining order. *See Monsanto*, 491 U.S. at 615-16 (holding that a showing of probable cause is sufficient to restrain assets under section 853).

The government seeks to preserve the status quo of the Subject Assets to prevent their transfer, alienation or dissipation. The purpose of pre-trial restraint of the Subject Assets is to preserve the availability of these assets that can be forfeited after trial. *See In re Billman*, 915 F.2d at 921.

For the foregoing reasons, the United States respectfully requests that the Court enter an Order immediately restraining, prohibiting, and enjoining the defendant, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, financial institutions, and entities who have any interest or control over the Subject Assets, from attempting or completing any action that would affect the availability or value of the assets. Prohibited actions shall include, but not be limited to, withdrawing, transferring, assigning, pledging, encumbering, wasting, secreting or otherwise disposing of, or otherwise removing or transferring, any of the funds.

The United States further requests that the Post-Indictment Restraining Order entered remain in full force and effect until further order of this Court.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney


By:    *s/Suzanne C. Nebesky*
       SUZANNE C. NEBESKY
       Assistant United States Attorney
       Fla. Bar No. 59377
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602
       Tel:    (813) 274 6000
       E-mail: suzanne.nebesky@usdoj.gov

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/ Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
