UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                           Case No. 8:20-cr-366-WFJ-SPF

SEBASTIEN VACHON-DESJARDINS

### RESTRAINING ORDER

The United States has made a consent motion to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restraining order to preserve the availability of the certain property that is subject to forfeiture in the above-styled criminal action, specifically the following assets:

1. Approximately 719.99591411 BTC seized from the defendant's BTC Wallet 3Pxki6pFFKC12YSn8JtDs3ZrEg3pFTHnHd on or about January 27, 2021;

2. Approximately 15.725489349111 XMR seized from the defendant's MONERO Wallet 46rzcLXcqE2hL9KYmJ5vuQVXHhhR7jDXxj4nKzwjDMeFf7KhtTbmK6oHTbQ53jzuZfMrMwvbK8ztidbq wTuxNTVaAQYKBfY on or about January 27, 2021;

3. Approximately $299,150 CAD seized from the defendant's residence on or about January 27, 2021;

4. Approximately $238,620 CAD seized on or about January 28, 2021, from Safety Deposit Box #118 at National Bank, Gatineau, QC, held in the name of Sebastien Vachon-Desjardins; and

5. Approximately $98,070 CAD seized on or about January 28, 2021, from Safety Deposit Box #123 at National Bank of Canada, Gatineau, QC, held in the name of Sebastien Vachon-Desjardins,

(the Subject Assets).

Upon consideration of the United States' motion, the affidavit of Special Agent Daniel Sirmons, Federal Bureau of Investigation, attached as Exhibit A to the motion, and the indictment returned in this case, it appears to the Court that there is good cause to enter a restraining order based upon the following:

1. That on December 2, 2020, a federal grand jury returned a four-count indictment, charging the defendant, in pertinent part, with the following offenses: Count One, conspiracy to commit computer fraud, in violation of 18 U.S.C. §§ 371, 1030(a)(5)(A), (a)(7)(B), and (a)(7)(C); Count Two, conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; Count Three, intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 2; and Count Four, transmitting a demand in relation to damaging a protected computer, in violation of 18 U.S.C. §§ 1030(a)(7)(B), (a)(7)(C), (c)(3)(A), and 2. Doc. 1.

2. That the federal grand jury's indictment of the defendant, which provides notice of the government's intent to seek forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c), combined with the affidavit of Special Agent Daniel Sirmons, Federal Bureau of Investigation, and the defendant's consent, establish sufficient probable cause for the issuance of the requested order.

3. That the property with respect to which the order is sought would, in the event of the defendant's conviction, be subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c).

4. That the need to preserve the availability of the Subject Assets through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered.

5. That any third-party claims to the Subject Assets may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

6. That the Court has jurisdiction to enter this order pursuant to 21 U.S.C. § 853(l), which is incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

Pursuant the Court's authority under the provisions of 21 U.S.C. § 853(e)(1)(A), **IT IS HEREBY ORDERED:**

Effective immediately, the defendant, his agents, servants, employees, attorneys, family members and/or those persons in active concert or participation with them, and those persons, financial institutions, or entities who have any interest or control over the Subject Assets, are hereby

**RESTRAINED, ENJOINED, AND PROHIBITED**, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability or value of the Subject Assets, including, but not limited to, withdrawing, transferring, assigning, pledging, encumbering, wasting, secreting or otherwise disposing of, or otherwise removing or transferring, any of the funds.

**IT IS FURTHER ORDERED** that the United States may provide certified copies of this Order to the Central Authorities of Canada, through the Department of Justice's Office of International Affairs, in order to effectuate the restraint of the Subject Assets without further order of the Court.

**IT IS FURTHER ORDERED** that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

**THIS ORDER** shall remain in full force and effect until further order of this Court.

ORDERED this 11th day of January, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE