UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:20-cr-366-WFJ-SPF

SEBASTIEN VACHON-DESJARDINS

### UNITED STATES' MOTION FOR ORDER OF FORFEITURE AND PRELIMINARY ORDER OF FORFEITURE FOR DIRECT ASSET

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030(i)(1)(B), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America hereby files this motion for an order of forfeiture against the defendant in the amount of $21,500,000, representing the amount of proceeds he obtained as a result of his (1) participation in the conspiracy to commit computer fraud charged in Count One, (2) participation in the conspiracy to commit wire fraud charged in Count Two, (3) intentional damage to a protected computer charged in Count Three, and (4) transmitting a demand in relation to damaging a protected computer charged in Count Four of the Indictment.

In addition, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030(i)(1)(B), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), the United States moves for a preliminary order of forfeiture for approximately 27.65 BTC remaining from the bitcoin previously seized from the defendant's BTC Wallet 3Pxki6pFFKC12YSn8JtDs3ZrEg3pFTHnHd on or about January 27, 2021 (the

27.65 BTC), representing a portion of the proceeds he obtained from the offenses charged in Counts One through Four of the Indictment.

The United States further asks that, in accordance with his Plea Agreement (Doc. 33 at 11), the order of forfeiture and preliminary order of forfeiture for direct asset become final as to the defendant at the time it is entered.  In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I.    Statement of Facts

#### A.    Allegations Against the Defendant

1.    The defendant was charged in an Indictment with (1) conspiracy to commit computer fraud, in violation of 18 U.S.C. § 371; (2) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; (3) intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(A)(i)(I), 1030(c)(4)(A)(i)(VI), 1030(c)(4)(B)(i), and 2; and (4) transmitting a demand in relation to damaging a protected computer, in violation of 18 U.S.C. §§ 1030(a)(7)(B), 1030(a)(7)(C), 1030(c)(3)(A), and 2.  Doc. 1.

2.    The Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B),[1] and 28 U.S.C. § 2461(c), the United States would seek the forfeiture of a money

---

[1]  The United States is also authorized to seek forfeiture of the proceeds under 18 U.S.C. § 1030(i)(1)(B).

judgment in the amount of at least $27,685,907.78, representing the amount of proceeds obtained by the defendant from the offenses.  *Id.* at 6.

3.      On October 4, 2021, the United States filed a Bill of Particulars which specifically identified all assets subject to forfeiture.[2]  Doc. 9.

### B.      Finding of Guilt and Admissions of Fact

4.      On July 11, 2022, the defendant pled guilty to all four counts of the Indictment before United States Magistrate Judge Sean P. Flynn, who recommended that the defendant's guilty plea be accepted.  Docs. 35, 39.  On July 29, 2022, United States District Judge William F. Jung accepted the defendant's plea and adjudicated him guilty.  Doc. 40.  The defendant's sentencing is currently set for October 4, 2022.

5.      On pages 22 through 25 of his Plea Agreement (Doc. 33), the defendant admitted, among other things, that the NetWalker Ransomware was a specific type of malicious software (malware) that was used to compromise and restrict access to a victim's computer network in an effort to extort a ransom.  Conspirators used NetWalker not only to encrypt victim data, but also used the malware to steal sensitive data from victims.  If a victim did not pay the ransom, conspirators would refuse to decrypt victim data and would publish the sensitive, stolen data online on a

---

[2]  On April 29, 2022, a Joint Stipulation for Release of Restraining Order was filed which addressed the status of each asset listed in the previously filed Bill of Particulars.  Doc. 26. As noted in the Stipulation, most of the assets identified for forfeiture in this case were forfeited in a Canadian criminal proceeding.  Therefore, the United States is only seeking forfeiture of the remaining assets in this case.

dark web website named "the NetWalker Blog," which existed for the primary purpose of facilitating the publication of stolen victim data.

NetWalker operated as ransomware-as-a-service ("RaaS"), featuring Russia-based developers and affiliates who resided all over the world.  Under the RaaS model, developers were responsible for creating and updating the ransomware, and making it available to affiliates who were responsible for identifying and attacking high-value victims with the ransomware.  After a victim paid, developers and affiliates split the ransom.  The defendant was one of the most prolific NetWalker Ransomware affiliates.

On or about April 30, 2020, the defendant gained unauthorized access to a company's network (Victim 1) and began surreptitiously elevating his privileges within the network while spreading the ransomware from workstation to workstation.  On or about May 1, 2020, the defendant caused a ransom note to be delivered to several of Victim 1's workstations indicating that Victim 1's network had been compromised by the NetWalker Ransomware and files could not be recovered without a decrypter program.  The ransom note also provided Victim 1 with a unique code and the URL to a website hosted on the dark web (NetWalker Tor Panel).  After gaining access to the NetWalker Tor Panel, using the unique code, each victim was provided with the amount of ransom demanded in bitcoin and instructions for payment.  The ransom demanded of Victim 1 was $300,000 in bitcoin, which Victim

1 did not pay, however, Victim 1 estimated having spent approximately $1.2 million to respond to the attack, contain its damage, and restore operations to normal.

During the course of the investigation, law enforcement identified and seized copies of the server that operated the NetWalker Tor Panel and the NetWalker Blog which contained detailed transactional information as to the NetWalker developers and affiliates. The transactional records revealed that during the course of the conspiracy, approximately 100 affiliates had been active, and victims had paid approximately 5,058 bitcoin in ransoms (an approximate total of $40 million USD based on the value of bitcoin at the time of each transaction). These records also tied the defendant to the successful extortion of approximately 1,864 bitcoin in ransoms (an approximate total of $21.5 million USD based on the value of bitcoin at the time of each transaction) from dozens of victim companies across the world, including Victim 1.

On or about January 27 and 28, 2021, the Royal Canadian Mounted Police executed search warrants at the defendant's home and on safe deposit boxes held by him at National Bank, Gatineau, QC, wherein law enforcement seized, among other assets, all bitcoin contained in the defendant's BTC Wallet 3Pxki6pFFKC12YSn8JtDs3ZrEg3pFTHnHd, which was derived primarily from ransom funds paid by victims of NetWalker Ransomware attacks.

### C.   Admissions Relating to Forfeiture

6.      In paragraph 11 of his Plea Agreement, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030(i), and 28 U.S.C. § 2461(c), the defendant agreed to an order of forfeiture in the amount of $21,500,000, which he agreed represents the amount of proceeds he obtained as a result of his offenses, as well as the forfeiture of the 27.65 BTC, identified above.  Doc. 33 at 9.  The defendant further agreed that, as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence.  *Id*. at 10.  Therefore, the defendant agreed that the United States is entitled to forfeit substitute assets up to the total amount of proceeds the defendant obtained.  *Id*.  The net proceeds from the forfeiture of the 27.65 BTC, identified above, will be credited to and reduce the amount the United States shall be entitled to forfeit as substitute assets pursuant to 21 U.S.C. § 853(p).  *Id.*

## II.   <u>Applicable Law</u>

The United States is entitled to an order of forfeiture against the defendant and to forfeit the direct asset, pursuant to 18 U.S.C. § 982(a)(2)(B) and/or 18 U.S.C. § 1030(i)(1)(B), which provides for the forfeiture of any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of computer fraud offenses (18 U.S.C. § 1030) or a conspiracy to commit such offense (18 U.S.C. § 371).  In addition, the United States is entitled to an order of forfeiture against the defendant and to forfeit the direct asset, pursuant to 18 U.S.C. §

6

981(a)(1)(C), which provides for the civil forfeit any property, real or personal, which constitutes or is derived from proceeds of any "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.  A "specified unlawful activity" also includes any offense listed in section 1961(1), which, in turn, includes any violation of section 1343 (wire fraud) or conspiracy to violate section 1343 (18 U.S.C. § 1349).  Because the United States is entitled to civilly forfeit proceeds of such offense, it may criminally forfeit the proceeds pursuant to 28 U.S.C. § 2461(c), which authorizes the criminal forfeiture of any property that can be forfeited civilly, using the procedures set forth in 21 U.S.C. § 853.

### A.    Order of Forfeiture

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States.  *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).  Rule 32.2(b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

The defendant admitted that he has dissipated the criminal proceeds that he obtained as a result of his offenses.  Doc. 33 at 10.  Because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his participation in the computer fraud and wire fraud

conspiracies, and his computer fraud offenses, the United States seeks an order of forfeiture against the defendant in the amount of $21,500,000, pursuant to Rule 32.2(b)(2).  As the defendant has agreed, he obtained at least $21,500,000 in proceeds as a result of his participation in the computer fraud and wire fraud conspiracies, and his computer fraud offenses.  If the Court finds that at least $21,500,000 was obtained by the defendant, and that he has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### B.    Direct Assets

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime.  Fed. R. Crim. P. 32.2(b)(1).  As the defendant has agreed, the 27.65 BTC, identified above, represents proceeds he received as a result of his offenses to which he has pled guilty. Therefore, the 27.65 BTC is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030(i)(1)(B), and 28 U.S.C. § 2461(c).  The defendant will receive credit to the amount owed on his order of forfeiture for the net proceeds obtained from the forfeiture of the 27.65 BTC.

### III.   Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030(i)(1)(B), 28 U.S.C. § 2461(c), and Rule

32.2(b)(2), the Court enter an order of forfeiture against the defendant in the amount of $21,500,000, for which he will be held liable.

The United States further requests that, because the $21,500,000 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $21,500,000.

The United States further requests that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1030(i)(1)(B), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the 27.65 BTC.  The net proceeds from the forfeiture of the 27.65 BTC, identified above, will be credited to and reduce the amount the United States shall be entitled to forfeit as substitute assets.

The United States further requests that, in accordance with his Plea Agreement (Doc. 33 at 11), the order of forfeiture and preliminary order of forfeiture for direct asset become final as to the defendant at the time it is entered.

Upon issuance of the Preliminary Order of Forfeiture for Direct Asset, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property.  Determining whether a third party has any interest in the property must be deferred until a third-party file a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment.  *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney


By:    *s/Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
Fla. Bar No. 59377
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Tel:    (813) 274 6000
E-mail: suzanne.nebesky@usdoj.gov

10

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/ Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
