UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:20-cr-366-WFJ-SPF

SEBASTIEN VACHON-DESJARDINS

**UNITED STATES' *UNOPPOSED* MOTION TO
EXTEND RESTITUTION HEARING DEADLINE FOR 90 DAYS**

The United States of America, pursuant to M.D. Fla. Local Rule 3.09(a), hereby moves this Court unopposed to extend the deadline within which to hold the restitution hearing for the defendant, Sebastien Vachon-Desjardins. Specifically, the United States request the deadline be extended for an additional period of 90 days. In support of its motion, the United States offers the following:

**Background**

On December 2, 2020, a grand jury returned an indictment charging Vachon-Desjardins with conspiracy to commit computer fraud and wire fraud, intentional damage to a protected computer, and transmitting a demand in relation to damaging a protected computer. Doc. 1. On July 11, 2022, Vachon-Desjardins pleaded guilty to all counts pursuant to a written plea agreement. Docs. 33, 35. The Court previously granted the United States' request to bifurcate the sentencing and restitution hearings in this case (Docs. 44-45), and on October 4, 2022, the Court sentenced Vachon-Desjardins to 20 years in prison (Docs. 50-51). The restitution hearing has not been scheduled.

## Memorandum of Law

When victim losses are not ascertainable at the time of sentencing, 18 U.S.C. § 3664(d)(5) provides a mechanism to bifurcate the sentencing and restitution hearings, which the Court did in the instant case. *See* Docs. 44-45. Typically, the restitution proceedings must be held no later than 90 days after the date of sentencing (*see* 18 U.S.C. § 3664(d)(5)), which in Vachon-Desjardins's case, would be January 2, 2023.

The statutory 90-day deadline, however, can be extended under certain circumstances. In *Dolan v. United States*, a sentencing court set a restitution hearing approximately three months after the 90-day deadline expired. *Dolan v. United States*, 560 U.S. 605, 609, 130 S.Ct. 2533, 177 L.Ed.2d 108. The defendant argued that because the deadline had passed, the law no longer authorized the sentencing court to order restitution. *Id*. The Supreme Court disagreed. It held that a sentencing court retains the power to order restitution after the 90-day deadline when the court has made clear that it *would* order restitution. *Id.* at 611-16.

Pursuant to 18 U.S.C. § 3663A(b), the Court is required to order restitution in this case, and in Vachon-Desjardins's plea agreement, he has agreed to make restitution to a specific victim. *See* Doc. 33, p. 4 and 5. In addition to that victim, the United States has identified more than 50 other companies who are "victims" of the crimes charged, as that term is defined in 18 U.S.C. § 3663A(a)(2). The United States, however, is still in the process of determining which losses are legally compensable for these victims.

Pursuant to M.D. Fla. Local Rule 3.09(a), "[n]o trial, hearing, or other proceeding shall be continued upon stipulation of counsel alone, but a continuance may be allowed by order of the Court for good cause shown." In the instant case, good cause exists, as the United States requires additional time to determine compensable losses for victims of the charged offenses.

## Conclusion

Wherefore, the United States moves this Court to extend the deadline within which to hold the restitution hearing for Vachon-Desjardins for an additional period of 90 days so as to provide the United States additional time to determine victim losses.

## M.D. Fla. Local Rule 3.01(g) Certification

The Government has conferred with defense counsel as to the relief requested in the instant motion, and defense counsel does not oppose the relief requested.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  /s/ Carlton C. Gammons
Carlton C. Gammons
Assistant United States Attorney
Florida Bar No. 85903
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (239) 461-2219
E-mail: Carlton.Gammons@usdoj.gov

U.S. v. Vachon-Desjardins                  Case No. 8:20-cr-366-WFJ-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

> */s/ Carlton C. Gammons*
> Carlton C. Gammons
> Assistant United States Attorney
> Florida Bar No. 85903
> 400 N. Tampa Street, Suite 3200
> Tampa, Florida 33602-4798
> Telephone: (813) 274-6000
> Facsimile: (239) 461-2219
> E-mail: Carlton.Gammons@usdoj.gov